

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TK:RB

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 10, 2012

By ECF and HAND DELIVERY

The Honorable Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Gerald Spears
          Criminal Docket No. 08-610 (SLT)

Dear Judge Townes:

    The government respectfully submits this letter in response to the defendant Gerald Spears' motion for resentencing pursuant to 18 U.S.C. Section 3582(c)(2) and United States Sentencing Guideline ("Guidelines" or "U.S.S.G.") Section 1B1.10 (amended effective November 1, 2011). For the reasons that follow, the government does not oppose a three-month reduction of the defendant's sentence.

    By way of background, the defendant pled guilty on June 15, 2009, to conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii). At the sentencing on November 19, 2009, the Court determined that the defendant's total offense level was 27, with a Criminal History Category of II, resulting in an applicable guideline range of 78 to 97 months. See November 19, 2009 Sentencing Transcript ("Sen. Tr.") at 9-10. This determination was based on the United States Department of Probation's finding that the defendant was responsible for distributing between 50 and 150 grams of cocaine base, resulting in a base offense level of 30. See Presentence Investigation Report ("PSR") at ¶ 5.[1] At sentencing, the Court further noted, "I also considered in regard to the motion by [defense counsel] for a downward departure the unwarranted disparity that I find in

---

    [1] The defendant received a three-level reduction for timely acceptance of responsibility, reducing his total offense level from 30 to 27. See PSR at 6.

crack and powder cocaine resulting in a higher sentence for one accused of disseminating and selling crack as opposed to powder cocaine. As a result of that, I am going to sentence outside of the advisory guidelines range." Sen. Tr. at 11. The Court sentenced the defendant to 63 months' imprisonment.[2]

## DISCUSSION

Part A of Amendment 750, which the United States Sentencing Commission ("Sentencing Commission") added to Section 1B1.10(c) as a retroactive amendment, altered the offense levels in Section 2D1.1 applicable to crack offenses. The Sentencing Commission lowered these offense levels pursuant to the Fair Sentencing Act of 2010, which changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 U.S.C. § 841(b), and directed the Sentencing Commission to implement comparable changes in the pertinent guidelines. See U.S.S.G. App. C Amendment 750 (Nov. 1, 2011).

Amendment 750, part A, reduces the guideline range applicable in the defendant's case, and therefore the Court may consider whether to reduce his sentence. Whereas conspiring to distribute 50 to 150 grams of crack corresponded to an offense level of 30 under the Guidelines in effect at the time of the defendant's sentencing, Amendment 750 provides that conspiring to distribute at least 28 grams of crack but less than 112 grams now corresponds to a base offense level of 26, and conspiring to distribute at least 112 grams but less than 196 grams now corresponds to a base offense level of 28. See U.S.S.G. §§ 2D1.1(c)(6) and (7). Because both the Department of Probation and the Court determined that the defendant conspired to distribute cocaine base within the *range* of 50 to 150 grams — as opposed to finding a specific amount — the defendant's guideline range under Amendment 750 may either be offense level 26 or 28. As a result, the Court has the discretion to find that the new, effective base offense level is 26, a finding that the government does not oppose. Moreover, the government is not in a position to demonstrate that the defendant conspired to distribute more than 112 grams of cocaine base.

Should the Court determine that the new, amended base offense level is 26, the new applicable guideline range is 51 to 63 months in light of the defendant's criminal history category

---

[2] The PSR also correctly noted that, pursuant to the statute to which the defendant pleaded guilty, the applicable minimum term of imprisonment was five years or 60 months. PSR ¶ 66.

3

of II.[3] However, the Court may not sentence the defendant to a term of imprisonment lower than the mandatory minimum sentence of 60 months required by statute.

The Sentencing Commission, for its part, has no authority to alter a statutory mandatory penalty. Its adoption of Amendment 750 only altered the offense levels for crack offenses, and applied the revision retroactively. It did not and cannot change the statutory mandatory minimum.[4] In fact, more broadly, the Supreme Court has made clear that a court considering a motion under 18 U.S.C. § 3582(c)(2) to apply a retroactive guideline amendment may replace only the amended guideline in the sentencing calculus, and must leave all other determinations made at the original sentencing proceeding intact. In Dillon v. United States, 130 S. Ct. 2683 (2010), the Court explained that a proceeding under Section 3582(c)(2) is a limited action permitting "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Id. at 2691.

> Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id.

In the situation presented by this case, the operative guideline is Section 5G1.1(c), which states that a "sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . (2) is not less than any statutorily required minimum sentence." No retroactive amendment has altered this

---

[3] This Guidelines range represents a total offense level of 23 — which includes a three-point reduction for acceptance of responsibility — and a criminal history category of II.

[4] The Sentencing Commission itself, in its synopsis of the amendment to Section 1B1.10(c) declaring Amendment 750 retroactive, stated: "It is important to note that the inclusion of Amendment 750 (Parts A and C) in § 1B1.10(c) only allows the guideline changes to be considered for retroactive application; it does not make any of the statutory changes in the Fair Sentencing Act of 2010 retroactive."

provision, and therefore, once the amended crack guideline is substituted for that which applied earlier, the bottom of the new range must equal the statutory mandatory penalty. In other words, in this case, the new range is 60 to 63 months. The Court may not reduce the sentence below 60 months.

Courts unanimously agree that in a proceeding for reduction of sentence under 18 U.S.C. § 3582(c)(2) a statutory mandatory minimum sentence remains controlling. United States v. Ganun, 547 F.3d 46 (1st Cir. 2008) (per curiam); United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009); United States v. Doe, 564 F.3d 305, 311-12 (3d Cir. 2009); United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009); United States v. Carter, 595 F.3d 575 (5th Cir. 2010) (per curiam); United States v. McPherson, 629 F.3d 609, 611-12 (6th Cir. 2011); United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009) (per curiam); United States v. McFadden, 523 F.3d 839 (8th Cir. 2008) (per curiam); United States v. Paulk, 569 F.3d 1094 (9th Cir. 2009) (per curiam); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997); United States v. Jackson, 613 F.3d 1305 (11th Cir. 2010); United States v. Cook, 594 F.3d 883, 891 (D.C. Cir. 2010).

For these reasons, the defendant is entitled to consideration of a reduction in sentence, but that reduction may not be below the statutory mandatory minimum sentence which applied at the time of the original sentencing proceeding. Meaning, the Court may reduce the defendant's sentence from 63 to 60 months, but no lower. The government does not oppose such a reduction.[5]

---

[5] The government has inquired with the Bureau of Prisons and learned that the defendant has sustained no significant violations for inappropriate conduct while incarcerated.

5

## CONCLUSION

For the foregoing reasons, the defendant's sentence should be reduced to 60 months.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                  United States Attorney

By: _____
     Todd Kaminsky
     Assistant U.S. Attorney
     (718) 254-6367

cc: Gerald Spears #64703-053
    FCI Fairton
    655 Fairton Millville Road
    Fairton, NJ 08320